**Robert H. Holmes, Plaintiff-Appellant, v. Jack Williamson, Defendant-Appellee.**

**Gen. No. 61-O-15.**

Fourth District.

January 26, 1962.

Robert H. Holmes, of Harrisburg, for appellant.

Twente & Jelliffe, of Harrisburg, for appellee.

HOFFMAN, PRESIDING JUSTICE.

This was a suit for libel brought against one attorney by another attorney. On motion, the trial court entered a summary judgment for the defendant, from which plaintiff appeals.

The situation giving rise to the action was this. The plaintiff was the owner of a farm upon which he was raising some sheep. He entered into a written agreement with one Duncan, wherein Duncan agreed to tend the sheep, and, in return, plaintiff promised, among other things, that one-third of the net sum realized from the sale of the sheep should go to Duncan. A dispute arising out of this agreement arose between plaintiff and Duncan, and the latter hired the defendant attorney to represent him. Shortly thereafter, plaintiff, without Duncan's knowledge, consigned the sheep to a livestock commission house for sale. Upon being advised of this, defendant wrote the following letter to said commission house:

> "On the dates of August 11, 1960 and September 1, 1960, Robert H. Holmes shipped some sheep to your company for sale via Carl Murphy, trucker, of Carrier Mills, Illinois. Bill Duncan, of Ozark, Illinois, is a partner of Holmes in these sheep and we would appreciate your sending us the weight of the sheep and the sales price less your commission."

459

It is this letter which is the basis of this libel suit.

Plaintiff by his complaint and counteraffidavit contended that he was the only person entitled to the proceeds from the sale of the sheep, that Duncan was not his partner in the sheep raising, that the defendant attorney in writing the letter had represented that there was a dispute in the ownership of the sheep and thereby implied that plaintiff was guilty of wrongful conversion of property of another person. The defendant in his affidavit in support of his motion for a summary judgment stated that he was of the opinion that there was a partnership arrangement between the plaintiff and Duncan, based upon Duncan's statements to him and upon a written agreement entered into between plaintiff and Duncan, and defendant further averred that "acting in good faith in attorney-client relationship with Duncan" and "performing what he felt was his duty to said client", he did write the letter objected to.

The trial judge, upon entering summary judgment for defendant, stated that this is a case which should never have been filed. With this we wholeheartedly agree. It is a ridiculous suit. Not only are the words here involved not libelous, but even the slightest suggestion that they might be would almost put a lawyer out of business. A lawyer has the duty to protect his client's interests. He must be diligent in searching out the facts and careful and knowledgeable in his application of the law. The responsibility our law places upon the practitioner requires that his obligation to make reasonable inquiry into the germane facts be protected. The search for facts, pertinent to an issue, is the search for the truth of that issue, which is the goal our profession must constantly pursue. To say that the letter here complained of imports or implies anything derogatory, defamatory or libelous about or concerning the plaintiff, or to say

460

that it exceeded defendant's responsibility to his client, is utterly fantastic. A brother attorney, of all people, should have realized this.

There was no genuine issue of fact involved in this case. The judgment of the trial court that the plaintiff take nothing by his suit against the defendant and that the defendant go hence without day and recover from plaintiff his costs and have execution therefor, is affirmed.

Judgment affirmed.

SCHEINEMAN and CULBERTSON, JJ., concur.